# Richmond

SEVEN-UP BOTTLING COMPANY, INC. v. STELLA GRETES.

December 6, 1943.

Record No. 2720.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*Venable, Miller, Pilcher, Parsons & Kyle,* for the plaintiff in error.

*James G. Martin & Son,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The parties to this action will be referred to as they were related in the trial court and sometimes in their proper persons.

The plaintiff instituted an action at law against the defendants, Seven-Up Bottling Company, Inc., and James H. McNeil, the latter being the manager of the bottling company, for damages alleged to be due her on account of injuries sustained by the explosion of a bottle of Seven-Up under rather unusual circumstances. The action was by notice of motion for judgment.

The mother of the plaintiff operated a store in the city of Norfolk in which were sold soft drinks and beer. On July 1, 1940, around noon the bottling company, by order, delivered to the store a crate of bottles of Seven-Up, which was placed by the driver on a shelf of the store. About nine o'clock that night the plaintiff took several bottles of the Seven-Up from the crate, two bottles in each hand,

or two bottles in one hand and one in the other, and placed them in a cooler where there were bottles of beer as well. The cooler is operated by electricity and contains a temperature of approximately 28 degrees, at least that was the measured temperature in November of the same year. Between eleven and twelve o'clock that night a customer requested a bottle of beer of the plaintiff. She lifted the top of the cooler for the purpose of supplying it when an explosion occurred and she was struck in the eye by a piece of flying glass, which resulted in the loss of that member. It was afterwards discovered that a bottle of Seven-Up had burst. The broken pieces of glass were recovered, removing any doubt as to its identity.

The notice of motion alleged that the defendants were negligent in the selection, inspection and use of the bottle and contents, and in using a bottle which was weak and defective, filled with contents which were powerful and which were improper and dangerous. The theory of the plaintiff was that the doctrine of *res ipsa loquitur* applied and the case was tried in accordance with that idea. The court made it the basis of one of its instructions and modified another by its inclusion by inference.

There were two trials. In the first the jury found in favor of the defendant, James H. McNeil, and reported its disagreement as to the defendant, Seven-Up Bottling Company. In the second there was a verdict for the plaintiff against the bottling company for $6,000.00 which was confirmed by the judgment of the trial court.

The plaintiff offered evidence which proved the circumstances as we have related them and she testified that she did not knock the bottles of Seven-Up against any hard substance, nor against each other, nor against the bottles of beer which were in the cooler. She further testified that the bottling company had nothing more to do with the Seven-Up after it was delivered at the store and placed upon the shelf; that from that time on it was in the control of her mother and herself.

The defendants proved that the Seven-Up bottling plant was of modern type and of standard construction and recent in its method of operation; that its way of selecting its bottles, of washing and cleaning them, of filling them and inspecting them, before and after they were washed, and after they were filled, were the same as those used by other standard manufacturers and bottlers of similar beverages; that the bottles were made by and obtained from glass companies of first repute and that the ingredients used in making the beverage known as Seven-Up were pure and wholesome and were obtained from companies of like repute engaged in making such materials.

It was also in evidence that the bottle was not defective; that it held a carbonated beverage which contained an inert gas which was non-explosive; that the bottle did not break because of any defect, either in it or in its contents, for if these conditions, or either of them, had existed it would have exploded when it was exposed to the high temperature outside and present at that time of the year rather than when it was in the cooler, which lower temperature had the effect of reducing the pressure in the bottle. In addition there was positive evidence that the bottle bore marks of having been in contact with some hard surface. There was also uncontradicted evidence that the bottle in question complied with the specifications required or recommended by the United States Bureau of Standards.

The evidence to which we have referred as refuting the theory of the plaintiff was elicited not only from the manager and those of the operatives of the bottling company, who were available to testify, but from a number of experts of high character and repute, who had made a study of the things about which they testified and whose professorial work in Davidson college had to do with such elements as were in use in this case.

In addition there was the testimony of Mr. Harvey L. Hunt, who is a chemist, engaged in industrial activities and who was at the time in the Norfolk Testing Laboratories. operating general industrial, commercial, consulting, and

analytical chemistry laboratories, and who prior thereto was a chemist in the Naval Service of the U. S., and who for five years was a chemist for the Electro-Metallurgical Company and the Union Carbide Company at Niagara Falls. He had familiarized himself with the gas substances involved in soft drinks and the like and his testimony was in harmony with that of the other experts to which we have referred.

In the case of *Richmond* v. *Hood Rubber Products Co.*, 168 Va. 11, 190 S. E. 95, this court said: "In Virginia the doctrine, if not entirely abolished, has been limited and restricted to a very material extent."

The doctrine referred to was that of *res ipsa loquitur* and the statement was predicated upon the cases of *Chesapeake, etc., Ry. Co.* v. *Tanner*, 165 Va. 406, 182 S. E. 239, and *Virginia Elec., etc., Co.* v. *Lowry*, 166 Va. 207, 184 S. E. 177.

In the case cited is this quotation: "The doctrine rests upon the assumption that the thing which causes the injury is under the exclusive management of the defendant, and the evidence of the true cause of the accident is accessible to the defendant and inaccessible to the person injured. *Ross* v. *Double Shoals Cotton Mills*, 140 N. C. 115, 52 S. E. 121, 1 LRA (NS) 298; Greenleaf on Ev. (Wigmore) section 2509; *One Shear. & Red.*, on *Neg.*, section 59." This was a quotation from the case of *Peters* v. *Lynchburg Light, etc., Co.*, 108 Va. 333, 61 S. E. 745, 746, 22 L. R. A. (N. S.) 1188.

From the same case we find this statement: "In *Norfolk Coca Cola Bottling Works, Inc.* v. *G. Krausse and E. L. Bowen*, 162 Va. 107, 173 S. E. 497, 499, it is said: 'We have held that it (*res ipsa loquitur*) is an evidential presumption sometimes resorted to in the absence of evidence, but that it is not to be applied when evidence is at hand. *Riggsby* v. *Tritton*, 143 Va 903, 129 S. E. 493, 45 A. L. R. 280; *Chesapeake & Ohio Ry. Co.* v. *Baker*, 149 Va. 549, 140 S. E. 648, 141 S. E. 753; (On rehearing) Id. 150 Va. 647, 143 S. E. 299. Here evidence is at hand and the doctrine does not apply.' "

■ This court said in the case of *Arnold* v. *Wood*, 173 Va. 18, 25, 3 S. E. (2d) 374, in speaking of *res ipsa loquitur*: "But the doctrine does not apply in the case of an unexplained accident which may have been attributable to one of several causes, for some of which the defendant is not responsible." See also 38 Am. Jur., Negligence, Section 300.

■ In this case there is evidence at hand explanatory of the accident and it is also patent that it may have been attributable to causes for which the defendant is not responsible. No negligence has been shown against the defendant, therefore it is our opinion that the judgment of the court is wrong.

This disposes of the case without need to refer specifically to the other assignments of error. The judgment of the trial court is reversed and judgment is entered against the defendant in error.

*Reversed and final judgment.*

CAMPBELL, C. J., and GREGORY, J., dissenting.