# Richmond

IRENE WATFORD v. SADIE RAE MORSE.

March 6, 1961.

Record No. 5195.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Lewis H. Hall, Jr.,* for the plaintiff in error.
*William C. Ponzo* (*Ponzo & Ponzo,* on brief), for the defendant in error.

I'Anson, J., delivered the opinion of the court.

The plaintiff, Sadie Rae Morse, was injured while a passenger in an automobile which was struck from the rear by an automobile operated by the defendant, Irene Watford, and on a jury trial she recovered a verdict. The trial court entered judgment on the verdict, and the defendant has appealed.

In seeking a reversal of the judgment the defendant relies on the refusal of the trial court to grant her instruction "F", and its granting of plaintiff's instruction No. 6.

The accident occurred on March 27, 1959, at 7:30 P.M., on West Queen street near its intersection with Court street, in the city of Hampton. The plaintiff was a passenger in an automobile operated by her husband, Dallas Morse, which was proceeding east in a line of traffic on West Queen street. The Morse automobile had stopped or was barely moving, in obedience to a red traffic light, when the front of the car operated by the defendant struck the rear of the Morse car, causing little damage to the automobiles involved, but serious injury to the plaintiff.

The defendant testified that she was wearing tennis shoes and when she attempted to apply the brakes her foot slipped off the pedal to the floorboard, causing the front of her car to run into the rear of the car in which the plaintiff was a passenger. She stated that she had been following one or two car lengths behind the Morse car, at a speed of approximately five to ten miles an hour. Mary Watford, a sister of the defendant and passenger in the car, testified that the defendant's foot slipped off the pedal when she attempted to apply the brakes.

The defendant told a police officer at the scene of the collision, in the presence of the plaintiff's husband, that her foot slipped off the brake pedal to the accelerator.

The plaintiff was four to six months' pregnant at the time of her injury. She was admitted to the hospital on the day of the collision where she was treated for a whiplash injury of the neck with acute strain of the entire spinal vertebra and contusion of the right chest. She was discharged from the hospital on April 17th as improved, but three days later she developed crying spells and was re-admitted. Dr. Wendell Pile, a psychiatrist, diagnosed her condition as conversion hysteria with depression, based on physical as well as psychological symptoms. Dr. Pile testified that she was psychologically the

type who was pre-disposed to emotional upsets; that the conversion hysteria was permanent; and that her condition was caused by the accident.

Instruction "F", offered by the defendant and refused by the trial court, contained a partial recital of the evidence and told the jury that if the defendant's foot slipped off the brake pedal through no negligence on her part they must find a verdict for the defendant.

The instruction was properly refused. It is true that the defendant's testimony that her "foot slipped off the brake" does not as a matter of law constitute negligence as the sole proximate cause of the plaintiff's injury. *Stephenson* v. *Wallis*, 181 Kan. 254, 311 P. 2d 355, 72 A. L. R. 2d 1, 4. As the case just cited points out, it is generally held that a foot slipping off a brake is not negligence as a matter of law. See also Annotation in 72 A. L. R. 2d, beginning at p. 14. But when the plaintiff showed by the evidence that the car in which she was riding was struck from the rear while stopped, or nearly stopped, at a red traffic light, she made out a *prima facie* case of negligence and the burden of going forward with the evidence on the issue of negligence shifted to the defendant. See *Kennedy* v. *New England Bakery*, 80 R. I. 224, 95 A. 2d 454, 456. On the issue of negligence, it was important that the jury be advised of the duties of the defendant while operating her automobile. The refused instruction failed to tell the jury that it was the duty of the defendant to keep a proper lookout and to keep her car under proper control under the traffic conditions then existing. It was clearly a finding instruction, containing only a partial statement of the evidence. It was for the jury to say, from all the evidence, whether or not the collision could have been foreseen, anticipated or avoided in the exercise of reasonable care. The instruction in effect told the jury that the accident was unavoidable and they must find for the defendant. This was not proper.

Plaintiff's instruction No. 6, given by the court, told the jury that even though they found that the plaintiff was not a person of good health the defendant was not relieved of the responsibility for any and all injuries proximately resulting from her negligent act. The instruction did not state, nor could it be inferred from the language used, that the defendant was responsible for any condition of the plaintiff existing before the injury or anything that would have resulted, due to her condition, independent of the accident. Counsel's objection and exception to the instruction failed to point

out wherein it was wrong. The testimony of Dr. Pile supported the giving of the instruction. It was inartificially drawn and we do not approve it in the form given. However, when closely analyzed, we cannot say it constitutes reversible error.

The principle set out in the instruction is within the general rule quoted with approval in *Virginia R. & P. Co.* v. *Hubbard*, 120 Va. 664, 668-669, 91 S. E. 618, 619, and *Safety Transit* v. *Cunningham*, 161 Va. 356, 366, 171 S. E. 432, 435, as follows:

"It is a general rule that one who negligently inflicts a personal injury on another is responsible for all the ill effects which, considering the condition of health in which the plaintiff was when he received the injury, naturally and necessarily follow such injury. Hence a defendant's liability is in no way lessened or affected by reason of the fact that the injuries would not have resulted had the plaintiff been in good health, or that they were aggravated and rendered more difficult to cure by reason of the fact that he was not in good health." See also 5 Mich. Jur., Damages, § 48, p. 539; and 15 Am. Jur., Damages, §§ 80, 81, pp. 488, 489, 490.

We find no error in the granting and the refusing of the instructions complained of, and the judgment is

*Affirmed.*