## Richmond

PEPSI-COLA BOTTLING COMPANY, INCORPORATED v. DOROTHY REED YEATTS.

November 28, 1966.

Record No. 6309.

Present, All the Justices.

*Aubrey R. Bowles, III* (*Aubrey R. Bowles, Jr.*, on brief), for the plaintiff in error.

No brief or argument for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Dorothy Reed Yeatts, plaintiff, was struck by a piece of flying glass while she was shopping in a store called the Burkeville Market. This action for damages was brought against Pepsi-Cola Bottling

Company, Incorporated, defendant, alleging that her injury was caused by its negligence. A jury returned a verdict of $2,000 against the defendant, on which the court entered judgment and the defendant is here on a writ of error. It contends that the plaintiff failed to prove that its negligence caused the injury. Defendant offered no evidence and that introduced by the plaintiff was as follows:

In the afternoon of June 7, 1962, plaintiff entered the store to make purchases. She selected a shopping cart and walked down an aisle to the place where cartons of 16-ounce bottles of Pepsi-Cola were stacked on a display rack, each carton containing six bottles. The plaintiff removed a carton from the front end of the top layer of the display, which was about shoulder high, placed the carton in her shopping basket on the cart and walked to the meat counter about three to five feet away. She stood there for several minutes waiting to be served, talking to a friend, and with her back to the Pepsi-Cola rack when she heard "a muffled sound, sounded like an explosion" and felt a sharp pain in her leg. She looked down and discovered a jagged portion of a bottle with a Pepsi-Cola top on it, sticking on the inside of her right leg. She pulled it out and screamed. Looking into her basket, she found the bottles there were intact. She did not know what she did with the piece of glass but guessed that she dropped it.

There was medical testimony that the cut in her leg was several inches above her ankle, was a little over an inch in length, and on a downward angle, which indicated that the piece of glass was projected from a point approximately a foot above the point of penetration.

The plaintiff testified that she did not know what happened other than that she found a piece of glass in her leg "after hearing a popping noise", and no other witness testified to seeing what happened. She said when she removed the carton the display rack seemed to be in perfect condition "as far as I could see" and there were no bottles on the floor.

James Conant, the owner of the store, who was operating the cash register 30 to 40 feet away, heard only "the breakage of glass" and Mrs. Yeatts scream. He testified that after the plaintiff had been taken to the doctor he found, in cleaning up the store, a Pepsi-Cola carton on the floor about a foot from the display, with four bottles in it intact, one broken bottle still in the carton, "and one other bottle was just disintegrated and missing. It was part of that glass in her.

And there was glass in the general area of five, I say, to seven or eight feet around in that area." None of the glass was preserved.

Conant also testified that the last delivery of bottles of Pepsi-Cola to the store was on June 2, five days before the accident. They were brought in, he said, in crates, each crate containing four cartons of six bottles each. The cartons were removed from the crates and placed on the display rack by the representative of the bottling company. Conant did not know how many cartons were on the rack prior to this delivery. His employees did not service the rack, he said, but if a customer asked for a carton his employee would take it off for him, but it was normal procedure for the customers to take cartons off the rack unless an employee was standing by to do it for them. Customers, he said, frequently disarranged the display and "[a]fter they mix those bottles up like they do, we have to take them and put them in our soft drink box and cool them."

No other witness offered by the plaintiff knew how the accident happened. One only heard the plaintiff scream. One "heard the breakage" and heard plaintiff scream, and one "heard the glass breakage" and heard her scream. The plaintiff heard only a muffled sound like an explosion.

The evidence thus presented to the jury was not enough to prove that the plaintiff's injury was caused by the negligence of the defendant. The jury could only guess whether the piece of glass which struck the plaintiff came from a bottle which exploded and caused the carton it was in to fall to the floor, or whether the carton fell to the floor and the fall caused the bottle to explode. The medical evidence referred to would suggest, if anything, that the carton was on the floor when the explosion occurred.

If the jury concluded that the bottle struck the floor before bursting, it could only guess the cause, whether it was the fault of the defendant's employee in placing the cartons on the rack, or of an employee of the store in straightening up the display, or of a customer in removing a carton.

At most the plaintiff's evidence proved only that a bottle in one of the cartons in the display exploded. Whether it was in the display or on the floor when it exploded, the evidence does not show. What caused it to explode nobody can say. It had been out of the possession of the defendant certainly for five days, and possibly longer, as the evidence does not show whether it was put on the rack on June 2 or at some time prior thereto. In either event, others than the defendant had access to it and there is only speculation as to whether

the explosion was due to defendant's negligence or to some other cause for which defendant was not responsible.

"Negligence cannot be presumed from the mere happening of an accident. The burden is on the plaintiff who alleges negligence to produce evidence of preponderating weight from which the jury can find that the defendant was guilty of negligence which was a proximate cause of the accident. The evidence produced must prove more than a probability of negligence and any inferences therefrom must be based on facts, not on presumptions. It is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover. * *" *Weddle, Administratrix* v. *Draper*, 204 Va. 319, 322, 130 S. E. 2d 462, 465, and cases cited. See also *Canupp* v. *Wade*, 205 Va. 850, 854, 140 S. E. 2d 659, 662.

The evidence in the present case was much the same as that in *Joffre* v. *Canada Dry Ginger Ale, Inc.*, 222 Md. 1, 158 A.2d 631. The plaintiff there was injured by a fragment of glass from a soda bottle which shattered in the store and she sued the bottler and the store. In affirming the action of the trial court in directing a verdict for the defendants, the court held that the testimony for the plaintiff permitted only speculation as to whether the bottle exploded or fell and was shattered; whether plaintiff or some other customer knocked or brushed the carton to the floor causing the breaking; whether in the months the display had been in the store the bottle had or had not been mishandled or cracked by an employee of the store in working on the display, or by a customer taking off a carton or hitting the bottle with one of the shopping carts. The testimony, said the court, permitted too many inferences of causes for which neither the bottler nor the store would be responsible to allow the invoking of the doctrine of *res ipsa loquitur* against either. See generally Annotations 4 A.L.R.2d 466 and 81 A.L.R.2d 229.

" * * [W]here damages are claimed for injuries which may have resulted from one of two causes, for one of which the defendant is responsible, and for the other of which he is not responsible, the plaintiff must fail if his evidence does not show that the damages are produced by the former cause. And he must also fail if it is just as probable that the damages were caused by the one as by the other, since the plaintiff is bound to make out his case by a preponderance of the evidence. * * " *Chesapeake, etc.*,

538

*Ry. Co.* v. *Whitlow,* 104 Va. 90, 94, 51 S.E. 182, 183; *Panther Coal Co.* v. *Looney,* 185 Va. 758, 772, 40 S.E.2d 298, 305.

In such case, too, the doctrine of *res ipsa loquitur* is not applicable. It does not apply in the case of an unexplained accident which may have been attributable to one of several causes, for some of which the defendant is not responsible. *Arnold* v. *Wood,* 173 Va. 18, 25, 3 S.E.2d 374, 376; *Seven-Up Bottling Co.* v. *Gretes,* 182 Va. 138, 143, 27 S.E.2d 925, 927.

For the reasons stated the judgment appealed from is reversed, the verdict of the jury is set aside, and final judgment for the defendant will be entered here.

*Reversed and final judgment.*