**Adolphus M. SANDERLIN, Appellant,**

v.

**Gary K. MARTIN, Appellee.**

**No. 10642.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 6, 1966.

Decided Feb. 6, 1967.

Sidney H. Kelsey, Norfolk, Va. (Kelsey & Rabinowitz, Norfolk, Va., on brief), for appellant.

John F. Rixey, Norfolk, Va. (Rixey & Rixey, Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge:
L.LBE f),3 brie wvl, ,jms peals Wal vti

This is an appeal by the plaintiff in a negligence action from an adverse judgment based on a jury verdict for

the defendant. Jurisdiction is based on diversity of citizenship.

On April 8, 1964, at approximately 4:50 P.M., plaintiff Sanderlin, who was driving eastwardly on Taussig Boulevard in Norfolk, Virginia, was stopped or nearly stopped in a line of traffic awaiting the change of a traffic light. Taussig Boulevard is a straight concrete road located in a business or industrial area and having a speed limit of 25 miles per hour. Defendant Martin, who was traveling behind the plaintiff and in the same direction at approximately 15 to 20 miles per hour or perhaps as much as 25 miles per hour, struck plaintiff's car from the rear. Plaintiff alleged that as a result of the collision he suffered personal injuries exceeding $10,000.00 in amount. According to the evidence, it was raining heavily at the time of the accident. The defendant testified that he saw plaintiff's car when it was approximately 30 feet ahead of him and applied his brakes, but the slippery pavement and a set of railroad tracks that traversed the highway caused him to skid into plaintiff's automobile. The jury returned a verdict for defendant.

This appeal raises only one issue which merits consideration. Plaintiff contends that the district court erred in giving the following instruction:

"You, as jurors, are told that this case is based upon negligence and you cannot infer negligence on the part of the defendant from the mere happening of an accident. The presumption is that the defendant was free from negligence and this presumption applies at every stage of the case unless and until it is overcome by a fair preponderance of the evidence to the contrary."

The district court, while acknowledging that the verdict was contrary to its view of what the result should have been, upheld its instruction as proper under Virginia law.

After the district court's opinion was filed and just before this court heard oral arguments in this appeal, the Virginia Supreme Court of Appeals clarified Virginia law on this type of instruction in Cook v. Basnight, Va., 151 S.E.2d 408 (decided on December 5, 1966). In that case the defendant ran through a red traffic light, striking plaintiff's car in the intersection and injuring plaintiff. The defendant testified that when he saw the amber light, he applied his brakes, but the brakes failed, so that he was unable to stop the car in time to avoid the collision, even though he applied his emergency brake. The trial court gave the following instruction:

"The court instructs the jury: That the basis of this action is that the defendant acted in a negligent manner and that his negligence proximately caused injury to the plaintiff. This cannot be inferred from the mere happening of the accident, but on the contrary the defendant is presumed to have operated the car with due and proper care and without negligence, and this presumption remains with the defendant throughout the trial and applies at every stage thereof, and can be overcome only by a preponderance of the evidence."

The Supreme Court of Appeals of Virginia, in reversing a verdict for the defendant, held this instruction to be prejudicial error. The court said:

"When the undisputed evidence showed that the defendant had run through a red traffic light, this made out a prima facie case that he was guilty of negligence. In this situation, the defendant was no longer clothed with a presumption that he had 'operated the car with due and proper care,' as the instruction read. '[T]he burden of going forward with the evidence on the issue of negligence shifted to the defendant' (Watford v. Morse, 202 Va. 605, 607, 118 S.E.2d 681, 683), who then was required to produce evidence in explanation of why he had not stopped at the red signal light. * * * The instruction failed to tell the jury that the burden of going forward with evidence on the issue of negligence had shifted to the defendant."

We think the case at bar is indistinguishable from Cook v. Basnight and we must therefore reverse. The district judge correctly held that plaintiff had made out a prima facie case under Virginia law. In Watford v. Morse, 202 Va. 605, 607, 118 S.E.2d 681, 683 (1961), the Virginia Supreme Court of Appeals said: "[W]hen the plaintiff showed by the evidence that the car in which she was riding was struck from the rear while stopped, or nearly stopped, at a red traffic light, she made out a *prima facie* case of negligence and the burden of going forward with the evidence on the issue of negligence shifted to the defendant." The district court erred, however, in its holding that a prima facie case was not sufficient to defeat the presumption in favor of the defendant under Virginia law, as the highest court of Virginia has subsequently made clear. Under Cook v. Basnight the presumption that the defendant was free from negligence was vitiated by plaintiff's establishing a prima facie case of negligence against defendant. If the court saw fit to instruct the jury as to the Virginia law of presumptions, they should also have been told that since both parties had offered evidence, the issue of negligence was for their determination without the added weight of any presumption.

The judgment of the district court is reversed and the case is remanded for a new trial.

Reversed and Remanded.

HAYNSWORTH, Chief Judge (dissenting):

I applaud the move by the Virginia Supreme Court of Appeals to eliminate the practice in Virginia of instructing juries in negligence cases as to the burden of persuasion in terms of a presumption of due care, but I cannot join my brothers in concluding that the District Court's charge, considered as a whole, was prejudicial in any way to the plaintiff.

In the hands of the court, presumptions are useful things in fixing and shifting the burden of going forward with evidence. Some presumptions serve other offices. Such presumptions as that of death after seven years of unexplained absence mandate the drawing of an ultimate inference from the circumstantial evidence in the absence of direct testimonial contradiction of the ultimate fact in issue. I have long shared Professor Wigmore's opinion, however, that rarely, if ever, should a jury be instructed in terms of presumptions or their effects. A problem sometimes arises in explaining to a jury that it may permissively draw reasonable inferences from circumstantial proof despite direct testimonial contradiction of the ultimate fact, but use of the word "presumption" in a charge is so likely to carry with it an implication of artificial evidentiary value that it ought to be avoided, as I have had occasion to say before.[1]

Still, an appellate rule of reversal whenever the trial judge permitted the word "presumption" to fall upon the ear of the jury would be exceedingly arbitrary and a distortion of the appellate function. The issue on appeal cannot turn upon the use of the distasteful word —distasteful to the appellate court, but the question on appeal must be whether or not, considering the entire charge as a whole, there was reasonable probability that the jury was misled to the appellant's prejudice. I can find in this record no basis for a conclusion that it was.

If the only relevant portion of the District Court's charge in this case was the two-sentence excerpt quoted in the majority opinion, I would be inclined to join my brothers in a judgment of reversal. I would do so largely out of deference to the Virginia Supreme Court of Appeals[2] and its decision in Cook v. Basnight, Va., 151 S.E.2d 408 (decided

1. State of Maryland for the use of Geils v. Baltimore Transit Co., 4 Cir., 329 F.2d 738, 745–747 (dissenting opinion).

2. Virginia's rules as to presumptions and the burden of persuasion govern us in this diversity case. 5 Moore's, Federal Practice, 2d ed., ¶ 43.08.

December 5, 1966), which dealt with substantially identical language in an instruction in a state court and not because of any firm conviction on my part that such language, standing alone, is really prejudicial when the jury is informed that the presumption applies only until a fair preponderance of evidence to the contrary is introduced.[3] However inappropriate I may think it to instruct a jury as to the burden of persuasion in terms of presumptions, it appears to have been a widespread practice in Virginia in both state and federal courts. We have placed our unequivocal imprimatur upon it, Willis v. Pennsylvania Railroad Co., 4 Cir., 269 F.2d 549, and there is nothing to suggest that plaintiffs in Virginia have fared poorly as a result of the widespread use of that method of informing the jury of the burden of persuasion.

Unlike the instruction in Cook v. Basnight, however the jury here was told much more.

Immediately following the two sentences quoted by my brothers, the Court told the jury of the plaintiff's burden of persuasion in conventional terms of a fair preponderance of the evidence. He defined the terms to the jury, using the effective, if hackneyed, illustration of a scale which had to be tipped but slightly in the plaintiff's favor for him to carry his burden of persuasion.

Still that was not all.

After instructing the jury generally about negligence and proximate causation, the Court carefully enumerated the particular duties imposed upon the defendant in this case. The Court then returned to the subject of the burden of persuasion by instructing the jury as follows:

"If you believe by a fair preponderance of the evidence that the defendant Martin failed in the performance of any of the foregoing duties that I have just enumerated, then he was negligent and if you further believe from such evidence that any such negligence was a proximate cause of the collision, then you should find your verdict in favor of the plaintiff Sanderlin."

Considered as a whole, the charge was complete, thorough, fair and unexceptional. I cannot believe that the early reference to a presumption of due care on the part of the defendant could have left with the jury an impression that the plaintiff bore a greater burden of persuasion than that which the Judge subsequently and repeatedly defined precisely and explicitly. This is particularly so when the initial reference to a presumption of due care was said to survive only until a preponderance of evidence to the contrary was introduced. The final reference to the burden of persuasion could leave no room for doubt in the jury's mind, for it was told quite clearly that, if it believed from a preponderance of the evidence that the defendant had failed in the performance of any of the duties which the Court had enumerated, they should find that he was negligent and, if they further found that such negligence was a proximate cause of the collision, their verdict should be for the plaintiff. The Court said precisely what we all agree it should have said.

Finding the charge as, a whole, reasonable, fair and unprejudicial, I would affirm.

3. Cf. Yeary v. Holbrook, 171 Va. 266, 198 S.E. 441.