## Richmond

JAMES CHARLES LAYNE v. JAMES ELLIS BOYD.

April 24, 1972.

Record No. 7661.

Present, All the Justices.

*James P. Jones* (*Penn, Stuart & Eskridge*, on brief), for plaintiff in error.

*Jack P. Chambers* (*Gillespie and Chambers*, on brief), for defendant in error.

Per Curiam.

The trial court entered judgment on a jury verdict in favor of plaintiff, James Ellis Boyd, against defendant, James Charles Layne, for personal injuries resulting from an automobile accident. Layne appeals, contending that the evidence shows no negligence on his part sufficient to sustain the verdict for Boyd.

Plaintiff's evidence shows that the accident occurred in Tazewell County on Route 460, a four-lane highway, opposite the Route 683 intersection, on February 15, 1969, at about 6:45 p.m., when it was raining and snowing. Boyd testified that he crossed to the south side of Route 460 where he "sat, leaning up on the guard rail", which was 4-½ feet from the hard surface. He was looking for a ride to Raven. After three eastbound cars had passed he saw the headlights of a fourth car approaching from the west about 50 feet from him.

Eight days later he regained consciousness in the hospital but could not then or thereafter remember anything about the accident. It is uncontroverted that Boyd was struck by Layne's automobile.

Before the accident, Boyd saw his brother-in-law Emory Keen and Emory's brother Paul outside their father's house in a hollow below the highway. The Keen brothers testified that they saw the figure of an unidentified man standing at or near the guard rail on the south side of Route 460, about 220 feet above them, that they saw car headlights and heard a sound as if a car were striking the guard rail, and that the figure disappeared. Neither Keen brother saw the car strike the guard rail or strike Boyd. Emory Keen went to the scene of the accident and found the Layne car in the "inside lane" of the highway. Boyd had been removed to the hospital. Two days later Paul Keen observed a scrape mark on the guard rail about 50 feet west of the place where he had last seen the figure standing prior to the accident.

There is no evidence of damage to the right side of Layne's car. The uncontradicted evidence is that his car was dented in the center of the hood, that the windshield was broken on the passenger side and that the radio antenna on that side was broken off.

From a careful review of Boyd's evidence, considered in the light most favorable to him, we are satisfied that it fails to show actionable negligence on the part of Layne. Boyd's theory of the accident was that Layne's car left the hard surface of the highway and struck him and the guard rail at the south edge of the 4-½ foot shoulder. His evidence and the physical facts do not adequately support this theory. They fail to show that the impact occurred on the shoulder rather than the pavement of Route 460. *Cf. Lumpkin v. John Doe*, 210 Va. 571, 172 S.E.2d 790 (1970). Hence the verdict in favor of Boyd, depending as it does entirely upon speculation and conjecture, cannot stand. *See Elliott v. Anderson*, 208 Va. 753, 760, 160 S.E.2d 775, 780 (1968). The judgment entered on the verdict must be reversed and final judgment entered for Layne.

*Reversed and final judgment.*