# Richmond

JOHN DOE v. EDNA B. HOUSER.

March 5, 1973.

Record No. 8030.

Present, All the Justices.

*Francis W. Flannagan; Charles B. Flannagan, II,* for plaintiff in error.

*Joseph P. Johnson, Jr.,* for defendant in error.

SNEAD, C.J., delivered the opinion of the court.

Plaintiff, Edna B. Houser, instituted this action against John Doe to recover damages for personal injuries she sustained in an automobile accident on Interstate 81 in Washington County. She alleged in her motion for judgment that an unknown motorist "caused the automobile which he was operating to run into and collide with the rear of the vehicle being operated by the plaintiff."

The jury returned a verdict against John Doe in the amount of $8,000, and judgment was entered thereon. We granted John Doe, who was defended by Nationwide Mutual Insurance Company, Mrs. Houser's uninsured motorist carrier, a writ of error to consider the sufficiency of the plaintiff's evidence to support a recovery and to consider alleged errors in the granting of certain instructions.

Since plaintiff received a jury verdict in her favor, the evidence and proper inferences therefrom will, according to familiar principles, be stated and viewed in the light most favorable to her.

The accident occurred on October 2, 1969, sometime after 1:30 a.m., as plaintiff was returning home alone from work near Bristol. Shortly after she left Bristol on Interstate 381 (Bristol By-Pass), she noticed bright lights fast approaching her from behind. At that time she "flipped" her rear-view mirror to the nighttime position to prevent glare from the blinding lights and proceeded toward Interstate 81, about one mile distant. After observing that no other cars were converging with her on Interstate 81, she entered it and proceeded for about two-tenths of a mile beyond the intersection, where the accident occurred. Mrs. Houser testified that she "felt an impact" from behind. She further said that from the time she first saw the lights no vehicles passed her before the impact, that the impact "knocked" her body forward and that she remembered nothing thereafter.

Plaintiff's automobile left the highway on the right-hand side, traveled over an embankment and hit a concrete sign abutment 6 to 10 feet from the edge of the emergency lane. Tracks in the grass measuring thirty-four feet continued from the emergency lane to the point plaintiff's automobile came to rest.

Duard Boyd, an independent automobile damage appraiser, testified that when he inspected the plaintiff's vehicle in a parking lot a few days after the accident, he discovered massive damage to the front end and some damage to the right side and rear of the automobile. He said that the rear bumper guards were equipped with rubber strips. He found that "the rear bumper was mashed into the quarter panel" and that there was a "black rubberized mark on the right-rear corner of the bumper."

Plaintiff's husband, Joseph C. Houser, Jr., testified that he had observed his wife's car on the morning before the accident and saw no damage to it.

State Trooper Cumbo, who arrived on the scene at approximately 3:30 a.m., testified that he observed no visible damage to the rear of plaintiff's vehicle and did not see any tire marks, dirt or debris on the hard surface of the highway at the scene of the accident. He noted, however, that it had rained before his arrival. The trooper further testified that there were no exits from Interstate 381 between the point where Mrs. Houser said she "flipped" her mirror until reaching the intersection with Interstate 81, nor any between the intersection and the point of the accident.

The theory of plaintiff's case is that an unknown vehicle negligently collided with her and forced her automobile off the highway

causing her to strike the sign abutment. Defendant contends that the evidence was insufficient to prove (1) that a John Doe vehicle was present, and (2) that John Doe was guilty of negligence proximately causing the accident.

Plaintiff had the burden to prove that an unknown motorist, John Doe, was present and that his negligence proximately caused the collision. The jury verdict established that an unknown motorist was present who made contact with plaintiff's vehicle. *See Motley* v. *Doe*, 210 Va. 428, 431, 171 S.E.2d 818, 821 (1970). However, we find that the evidence was insufficient, as a matter of law, to show that John Doe was guilty of negligence that proximately caused the accident.

A verdict cannot rest upon speculation and conjecture. *Layne* v. *Boyd*, 212 Va. 751, 752, 188 S.E.2d 86, 88 (1972). "Negligence cannot be presumed from the mere happening of an accident." *Weddle, Administratrix* v. *Draper*, 204 Va. 319, 322, 130 S.E.2d 462, 465 (1963).

Mrs. Houser was the only eye-witness to the accident. She did not state her speed or in which lane she was traveling at the time of impact. All she said was that her automobile was struck from behind and that she did not "know what happened." The record is silent as to why John Doe's vehicle struck her car. As Mrs. Houser stated in her brief, John Doe "for some unknown reason hit the rear of plaintiff's car." Under these facts and circumstances, a finding that John Doe was guilty of negligence that proximately caused the accident would have to be based on speculation and conjecture.

In view of our holding, it becomes unnecessary to discuss the instructions alleged to be erroneous.

The judgment appealed from is reversed and final judgment entered in favor of John Doe.

*Reversed and final judgment.*