EVA JUDITH WEEMS

V.

DELTON DENNIS BLALOCK

December 2, 1983.

Record No. 810736.

Present: All the Justices.

*Robert H. Hovis, III*, for appellant.
*Michael L. Zimmerman (Brault, Geschickter, Palmer & Grove*, on brief), for appellee.

PER CURIAM.

This is a personal injury case brought by Eva Judith Weems against Delton Dennis Blalock. Weems' evidence showed that she was injured when the van she occupied was struck from the rear by an automobile operated by the defendant.

Our decision in this case is controlled by *Watford* v. *Morse*, 202 Va. 605, 118 S.E.2d 681 (1961), where we said:

> [W]hen the plaintiff showed by the evidence that the car in which she was riding was struck from the rear while stopped, or nearly stopped, at a red traffic light, she made out a *prima facie* case of negligence and the burden of going forward with the evidence on the issue of negligence shifted to the defendant.

*Id.* at 607, 118 S.E.2d at 683.

Except for the immaterial difference that the vehicle in which Weems was riding was stopped or nearly stopped in a line of traffic backed up from an interchange, rather than at a traffic light, the present case is indistinguishable from *Watford*. Yet, although *Watford* was cited in argument below, the trial court struck Weems' evidence.

The trial court apparently was persuaded that *Watford* could be distinguished by Blalock's argument that the evidence which made out a prima facie case in *Watford* consisted of the defendant's testimony indicating her foot slipped off the brake onto the accelerator and caused the rear-end collision. Blalock, however, misreads *Watford*. It was the testimony concerning the defendant's foot slipping off the brake that made a jury issue of her negligence. Without this testimony, the plaintiff's prima facie case, made out by showing the lead car was stopped or nearly stopped at a traffic light when struck from behind, alone would have supported a finding in the plaintiff's favor.

On appeal, Blalock asserts that a case "more on point" is *John Doe* v. *Houser*, 213 Va. 617, 194 S.E.2d 754 (1973). But, unlike both *Watford* and the present case, the lead car in *Houser* was not stopped or nearly stopped at a traffic signal or in a line of traffic backed up because of congestion ahead.

Furthermore, an examination of the appendix and briefs in *Houser* shows that *Watford* was not cited either in the *Houser* trial court or on appeal and that the *Watford* theory was not advanced in any argument to the trial court or instruction to the

jury. *Houser* stands only for the proposition that, in the absence of reliance upon the *Watford* theory, or where the theory does not apply, an injured occupant of the lead car in a rear-end collision must establish by evidence in his or her case-in-chief that the collision was proximately caused by the defendant's negligence.

Here, however, in reliance upon, and with specific citation of, the *Watford* decision, Weems rested her case in the trial court after showing that the vehicle she occupied was struck from the rear while stopped or nearly stopped in a line of traffic backed up from an interchange. Weems thus established a prima facie case of negligence against Blalock and shifted to him the burden of going forward with evidence in explanation. In halting the case without requiring Blalock to go forward, the trial court erred. For this error, we will reverse the judgment appealed from and remand the case for a new trial.

*Reversed and remanded.*