## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Moyer

v.

Prinkey & Son, Inc., et al.

December 7, 1987

Case No. (Law) 11424

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Plaintiff's Motion for a New Trial. The Court has overruled the Motion on two of the grounds asserted but took the third ground of the Motion under advisement. The issue raised by Plaintiff is the giving of Defendant's Instruction H,[1] referred to as the "mere happening" instruction. Plaintiff argues that this instruction is inconsistent with Plaintiff's Instruction 6,[2] referred to as the "rear-ender" instruction. Defendant argues that these instructions are not inconsistent and merely restate the appropriate burdens of proof as to liability. Further, Defendant argues that the instruc-

---

[1] Instruction H -- The mere fact that there was an accident and that the plaintiff was injured does not, of itself, entitle the Plaintiff to recover.
The Plaintiff has the burden of proving by a greater weight of the evidence that the Defendant was negligent and that his negligence caused Plaintiff's injury. See MJI, Vol. 1, No. 4.015.

[2] Instruction 6 -- If the car in which Plaintiff was a passenger was lawfully stopped in its lane of travel and was struck from the rear, you may find that Defendant was negligent unless you believe from other evidence that the Defendant was not negligent. MJI, Vol. 1, No. 10.005.

tions must be viewed as a whole and not on the basis that one instruction might tend to mislead the jury.

For the following reasons, the Motion must be granted.

Plaintiff established facts sufficient to support the giving of the "rear-ender" instruction; that is, he was a passenger in a car lawfully stopped in its lane of travel and was struck from the rear. This created a *prima facie* case of negligence and shifted the burden of going forward with evidence on the issue of negligence to the Defendant. *Watford v. Morse*, 202 Va. 605, 607 (1961). Therefore, the "rear-ender" instruction along with other instructions on the burden of proof fully explained to the jury the law of the case.

The "mere happening" instruction is based on language from a number of cases in which the Supreme Court has said that negligence is not presumed but the burden rests upon the Plaintiff to prove it by a preponderance of the evidence. *See Canupp v. Wade*, 205 Va. 850, 854 (1965); *Jordan v. Jordan*, 220 Va. 160 (1979). In *Watford, supra*, and other cases, the Supreme Court has carved out an exception to this rule in those cases in which the facts would support the "rear-ender" instruction. *See e.g., Weems v. Blalock*, 226 Va. 304 (1983).

The happening of the accident under the circumstances as shown by Plaintiff is sufficient to create a *prima facie* case and, if the jury does not accept Defendant's evidence on the issue of negligence, is sufficient to support a verdict in Plaintiff's favor. If the jury rejects Defendant's evidence, they are left with two conflicting theories of law. One is that Plaintiff may recover under the "rear-ender" instruction and the other is that Plaintiff cannot recover because the evidence shows only the "mere happening" of an accident.

The Court cannot tell whether the jury accepted Defendant's evidence on the negligence issue and followed the rear-ender instruction or whether they rejected it and felt they were left with the mere happening of an accident which, they were erroneously told, was not enough to entitle Plaintiff to recover. Since it is not possible for the Court to determine which is the basis for the jury's verdict and it is just as likely that they followed the erroneous instruction as it is that they followed the proper one, the verdict must be set aside. *See Redd*

126

*v. Ingram,* 207 Va. 939 (1967); *Gabbard v. Knight,* 202 Va. 40 (1960).