25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Sylvia J. YOST, Plaintiff-Appellant,
and
Esdel B. YOST, Plaintiff,
v.
Hardees of TAZEWELL, owned by Boddie-Noell Enterprises,
Incorporated, Defendant-Appellee.
 No. 93-2256.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1994.
Decided June 1, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CA-92-96-A).
 James W. Harman, Jr., Harman & Harman, Tazewell, VA
 Esdel B. Yost, Huntington, WV, for appellant.
 Melissa W. Scoggins, Paul G. Klockenbrink, Gentry, Locke, Rakes & Moore, Roanoke, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Sylvia J. Yost appeals from the order of the district court granting summary judgment in favor of Hardee's of Tazewell in Yost's negligence action. We affirm.
 
 
 2
 On the morning of January 7, 1992, Sylvia J. Yost, a citizen of West Virginia, slipped and fell in the parking lot at Hardee's[1] in Tazewell, Virginia. She filed suit in the district court pursuant to 28 U.S.C.A. Sec. 1332 (West 1993), alleging that Hardee's was negligent and that this negligence caused her injuries.
 
 
 3
 Yost alleged that when she and her husband entered Hardee's, an employee was using hot soapy water to mop the floor around the entrance. An orange cone and a "wet floor" sign alerted patrons of the potential danger. As they entered, the Yosts and other patrons used a wall for support. Approximately ten minutes later, having consumed their coffee and biscuits, the Yosts left Hardee's through the same door they had entered. At that time the employee was no longer at the door, nor was the orange warning cone. Yost followed her husband through the doors and started toward the car. Approximately ten feet from the door, Yost slipped and fell.
 
 
 4
 Hardee's moved for summary judgment, arguing that Yost could not prove that any action by Hardee's caused her injuries. Hardee's argued that Yost had no evidence of the cause of her injuries, and, if this case went to a jury, the jurors would be required to speculate regarding the cause of Yost's injuries. To support this argument, Hardee's attached Yost's deposition testimony and answers to interrogatories in which she stated that she did not know whether she slipped on anything in the asphalt, did not know what she slipped on, and did not know if there was anything on her shoes which caused her to slip. She also did not know if anyone saw her walk out of the restaurant to the place where she fell or if anyone saw her fall. She did not know if there was anything on the pavement which caused her to slip. Further, when asked if she knew at the time what caused her to slip, Yost stated:
 
 
 5
 I can only speculate.... I don't know for sure, but I thought probably ice, water, somebody had carried ice crystals out or maybe had stuck to my shoes on the inside, or maybe when he was scrubbing, a puddle of water could have run down and I could have stepped on the ice. I don't know.
 
 
 6
 She was then asked whether she now knew what caused her to fall. Yost replied "[n]o, no more than that." She also noted that she thought ice was the cause of her fall, "because of the temperatures and of the mopping because I've never fallen before." However, Yost admitted that she had no way of knowing whether any ice or moisture from the rug adhered to her shoes.
 
 
 7
 In opposition to summary judgment, Yost submitted a memorandum, an affidavit, and comments in response to Hardee's reply. Yost contended that she knew she slipped on ice because she knows the difference between slipping on ice or a banana peel or pebbles. She stated that there was no grease or oil on her shoes; they were wet from water and ice. Yost asserted that she was confused by the questions posed during her deposition, and she believed the Defendant was trying to force her to admit to having seen the conditions prior to her fall, so that it could assert that she was contributorily negligent.
 
 
 8
 The court granted summary judgment in favor of Hardee's, observing that Yost was unable to identify the cause of her accident. The court noted that Yost consistently responded "I don't know" to questions regarding the cause of her fall. The court found Yost's failure to identify the cause of the accident fatal to her case. The district court further found that Yost's affidavits and memoranda were filed for the purpose of creating an issue of material fact, and found no issue of material fact as to the cause of Yost's injuries.
 
 
 9
 Yost appealed, arguing that the district court's opinion was based upon a misreading of the deposition testimony and erroneous reliance upon Hardee's assurance that Yost did not identify the cause of her fall. She also argued that the court abused its discretion by cutting off her argument during the summary judgment hearing and by failing to consider her response to Defendant's reply to her opposition to summary judgment.
 
 
 10
 Virginia's negligence law requires that the plaintiff prove that the defendant's negligent actions were the proximate cause of her injuries. See S. & C. Co. v. Horne, 235 S.E.2d 456, 461 (Va.1977). Negligence will not be presumed from the mere happening of an accident. The plaintiff must prove that the defendant was guilty of negligence which was a proximate cause of the accident. See Weddle v. Draper, 130 S.E.2d 462, 466 (Va.1963). "It is incumbent on the plaintiff who alleges negligence to show why and how the accident happened, and if that is left to conjecture, guess or random judgment, he cannot recover." Weddle, 130 S.E.2d at 465. While the plaintiff need not establish proximate cause with such certainty as to rule out all other possibilities, Wooldridge v. Echelon Serv. Co., 416 S.E.2d 441, 443 (Va.1992), the jury must not be required to speculate as to causation. See Layne v. Boyd, 188 S.E.2d 86, 88 (Va.1972).
 
 
 11
 When asked what caused her to slip and fall, Yost repeatedly stated that she did not know. She then listed a number of possible causes for her fall. Yost admitted that she "could only speculate" regarding the cause of her accident. "Proof of 'possibility' that a fact exists is not enough to take the issue out of the sphere of pure conjecture and rank speculation into the realm of legitimate inference, sufficient for a jury to be permitted to consider the question." Page v. Arnold, 314 S.E.2d 57, 60 (Va.1984) (citing Wilkins v. Sibley, 135 S.E.2d 765, 767 (1964)); see Pepsi-Cola Bottling Co. v. Yeatts, 151 S.E.2d 400 (1966) (verdict for plaintiff reversed, where she failed to prove that bottler, rather than store employee or customers caused bottle to explode).
 
 
 12
 Yost contends that the line of questioning during her deposition was confusing and that opposing counsel was attempting to force her to admit fault. When asked whether she slipped on anything in the asphalt, Yost said that she did not know. She contends that this statement was misconstrued to mean that she did not know whether there was anything on the asphalt that caused her to slip. However, the record shows that Yost answered both questions, and both times responded that she did not know.
 
 
 13
 In opposition to a motion for summary judgment, a party may not create an issue of material fact by contradicting prior statements. Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir.1984). This is exactly what Yost attempted to do. By submitting the affidavit and her "comments," Yost tried to create an issue of material fact regarding the cause of her fall. After not knowing (in deposition) the cause of her fall, in these later documents Yost shifted to the conclusion that her fall was caused by the soapy water adhering to her shoes and freezing. We disregard these documents to the extent that they were submitted for the purpose of creating an issue of material fact, and thus avoiding summary judgment. Because Yost failed to establish that her fall was caused by the negligence of Hardee's, see WinnDixie Stores, Inc. v. Parker, 396 S.E.2d 649, 651 (Va.1990), we find no issue of material fact, and conclude that summary judgment was properly granted in favor of Hardee's. See Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party opposing summary judgment must show that the record contains evidence from which reasonable jury could return verdict in her favor).
 
 
 14
 We therefore affirm the order of the district court granting summary judgment in favor of Hardee's.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Hardee's of Tazewell is owned and operated by Boddie-Noell Enterprises, Inc., a corporation incorporated under the laws of the State of North Carolina and having its principal place of business in North Carolina
 
 
 [2]
 Yost also argued that the district court abused its discretion by cutting short her argument in opposition to summary judgment and in failing to include in the record a document she submitted during the summary judgment hearing. We find that these issues were not preserved in the record, and this Court cannot review the alleged abuse of discretion. See Guinness P.L.C. v. Ward, 955 F.2d 875, 897 (4th Cir.1992). Additionally, we presume that the district court properly reviewed the record. See D. Federico Co. v. New Bedford Redevelopment Auth., 723 F.2d 122, 127 (1st Cir.1983); French v. Corrigan, 432 F.2d 1211 (7th Cir.1970) (same), cert. denied, 401 U.S. 915 (1971); see also Gilbert v. Gulf Oil Corp., 175 F.2d 705, 709 (4th Cir.1949) (evidence admissible in the discretion of the judge)