UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MELANIE A. WARNER,
Plaintiff-Appellant,

v.

BETTY RAMOS,
Defendant-Appellee,                                          No. 99-1775

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
James E. Bradberry, Magistrate Judge.
(CA-98-95-4)

Submitted: November 30, 1999

Decided: January 6, 2000

Before MOTZ and KING, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert J. Haddad, SHUTTLEWORTH, RULOFF & GIORDANO,
P.C., Virginia Beach, Virginia, for Appellant. Henry S. Carter, Wm.

Tyler Shands, CARTER & SHANDS, P.C., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Melanie A. Warner, appeals from the final judgment after a jury verdict in the Appellee's favor in her diversity personal injury action arising from an automobile accident. The parties consented to jurisdiction of a magistrate judge under 28 U.S.C. § 636(c)(1) (1994). Warner also appeals from the magistrate judge's denial of her motion for judgment as a matter of law or for a new trial filed after final judgment. The evidence showed that Warner's vehicle was struck from the rear by an automobile driven by the Appellee, Betty Ramos. Warner challenges the district court's denial of her motions for judgment as a matter of law on the liability issue. Finding no error, we affirm.

This court reviews de novo a district court's grant of a motion for judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986); Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). In considering the motion, the district court has the benefit of seeing the parties' evidence tested in open court. See Kim v. Coppin State College, 662 F.2d 1055, 1059 (4th Cir. 1981). Thus, this court must decide, viewing the evidence in the light most favorable to the non-moving party and without weighing the credibility of witnesses, whether reasonable jurors could only decide in favor of the movant. See Gairola, 753 F.2d at 1285.

Upon review of the briefs and the record, we conclude that the magistrate judge did not err in denying Warner's motions for judgment as a matter of law. We agree with the magistrate judge that,

2

given the evidence presented, the jury could have found that Ramos was not negligent, even in light of <u>Weems v. Blalock</u>, 309 S.E.2d 302, 303 (Va. 1983), and <u>Watford v. Morse</u>, 118 S.E.2d 681, 683 (Va. 1961). Additionally, we agree that the jury may have found, based upon the evidence, that Warner did not suffer an injury related to the accident.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3