## Richmond

JACK E. CLIFTON v. WILSON GREGORY.

April 24, 1972.

Record No. 7672.

Present, All the Justices.

*Aldine J. Coffman, Jr. (Penelope Dalton Coffman,* on brief), for plaintiff in error.

*Calvin W. Breit (Breit, Rutter, Cohen, Ermlich & Friedman,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Wilson Gregory (plaintiff or Gregory) was awarded judgment by the trial court upon a jury verdict for $15,000 against Jack E. Clifton (defendant or Clifton) for injuries suffered by Gregory as the result of an automobile crash in the City of Virginia Beach. We granted a writ of error.

Two questions must be considered. A threshold question is presented by the action of the trial court in awarding summary judgment on Clifton's answers to a request for admissions and interrogatories

filed by Gregory. If we determine that the trial court erred in this regard, we must then determine whether the subsequent testimony of Clifton makes him guilty of negligence as a matter of law and thereby renders this error harmless.

The accident resulting in this action occurred on August 27, 1969, at the intersection of Virginia Beach Boulevard (Boulevard) and Phillips Lane. Boulevard is a four-lane highway running in an east-west direction. Two lanes of Boulevard are designated for eastbound traffic and two lanes are designated for westbound traffic. The speed limit on Boulevard is 45 miles per hour.

Gregory and Clifton were both driving west on Boulevard. The crash occurred when Gregory's car, which he was attempting to turn right (north) from Boulevard into Phillips Lane, was struck in the rear by Clifton's car.

Harry Steele (Steele), a guest in Gregory's car, instituted action against Clifton before the Circuit Court of the City of Virginia Beach. At the trial of Steele's claim, with Judge Vakos presiding, the court held that Clifton's own testimony established that he was negligent in operating his car and that this negligence was a proximate cause of Steele's injury. The court then granted summary judgment for Steele and submitted the question of Steele's damages to the jury. The judgment in Steele's case became final as no appeal was taken.

Gregory had already instituted this negligence action against Clifton. Clifton had filed a counterclaim alleging he had been injured by negligence on Gregory's part.

After final judgment in Steele's case, counsel for Gregory filed a request for admissions under Rule 4:11[1] asking that Clifton "admit or deny the truth of his testimony" at the Steele trial. Clifton, by answer, neither admitted nor denied the truth of his testimony at the earlier trial, but alleged that he was "totally deaf" and that he was "not sure that he understood all of the questions propounded to him at said trial." Such an answer was permitted by Rule 4:11 and did not constitute an admission.

Counsel for Gregory then filed interrogatories under Rule 4:8[2] to which was attached a transcript of Clifton's testimony at the Steele trial. These interrogatories were directed to Clifton and asked him to enumerate the questions which he did not understand and to state in each instance "what the defendant thought the question to be."

[1] This rule was amended on March 1, 1972.
[2] This rule was also amended on March 1, 1972.

Clifton's answer reiterated that he had great difficulty in communicating with others because of his deafness. He stated that "he was not sure that he understood, or that he was able to understand the major portion of the questions propounded to him." He then set forth a list of four questions which were "particularly not clear to him."

■ On the basis of the request for admissions, the interrogatories and Clifton's answers thereto, Gregory's attorneys made a pretrial motion for summary judgment on the counterclaim filed by Clifton. The court granted the motion and awarded summary judgment for Gregory on the counterclaim. In doing so, the court erred.

The propriety of requesting an admission of the truth of testimony by a party in another proceeding was not raised by the assignments of error and is not before us here.

Clifton's refusal to either admit or deny the request for admissions did not constitute an admission. His answer to the interrogatories likewise did not constitute an admission. His earlier testimony at the Steele trial was, therefore, not before the court and it could not be the basis for summary judgment.

Having determined that the trial court erred in its pretrial ruling on the motion for summary judgment on the counterclaim, we must now determine whether this error is rendered harmless by Clifton's subsequent testimony.

Clifton testified that he was driving west on Boulevard in the right (outside) westbound lane. He observed that Gregory, also in the right lane four or five car lengths ahead of him, "rode the center line" between the two westbound lanes and then got "in the middle" of the two lanes. Clifton did not reduce his speed.[3] He described his conduct as follows: "The way it is when somebody moves over to the left instead of slowing down, most of the time you pick up speed."

When Gregory reached a point 10 or 15 feet east of Phillips Lane, Clifton observed Gregory's brake lights come on. Gregory turned to his right but gave no turn signal. Clifton applied his brakes when he observed Gregory's brake lights but was unable to stop before striking Gregory's car. Clifton estimated his speed at impact as five miles per hour. He testified that he skidded 70 feet before impact.

When asked why he did not turn his car to the left, Clifton testified that he was unable to do so because of another vehicle beside

[3] Clifton was not asked his speed before he applied his brakes and he did not testify about it.

him in the left westbound lane. He said he could not turn to the right because of a curb.

At the conclusion of the evidence, the plaintiff again made a motion for summary judgment on all issues except damages. The trial court reaffirmed its earlier ruling holding Clifton negligent as a matter of law. In doing so, the court stated that Clifton's testimony established that he was following too closely and was "unable to control his vehicle in an emergency." The court held, however, that the question of Gregory's contributory negligence was a jury issue.

Code § 46.1-213 (a) provides in pertinent part:

". . . The driver of a motor vehicle shall not follow another motor vehicle . . . more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and condition of, the highway at the time."

We have construed this statute as granting a driver the right to follow another vehicle as closely as is reasonable and prudent under the circumstances. What constitutes a reasonable distance must, in each instance, depend upon the particular facts involved. When reasonable minds can differ as to what constitutes a reasonable and prudent distance under the circumstances then the question becomes a jury issue. *Elswick* v. *Collins*, 194 Va. 292, 298-99, 72 S.E.2d 626, 629-30 (1952).

Ordinarily questions of negligence, contributory negligence and proximate cause are questions for the jury to determine. It is only when reasonable men cannot differ as to the conclusions that such questions become a matter of law for the court to decide. *Riley* v. *Harris*, 211 Va. 359, 362, 177 S.E.2d 630, 633 (1970).

Viewing Clifton's testimony with these principles of law in mind, we find that reasonable men could differ on whether Clifton was following too closely and maintaining proper control. The issues in the case should have been submitted to the jury.

*Reversed and remanded.*