**Connie Dare JOHNSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 75–1222.

United States Court of Appeals, Fourth Circuit.

Argued July 11, 1975.

Decided Oct. 16, 1975.

Matthew A. Clary, III, Springfield, Va. (Scott, Blackburn & Clary, Springfield, Va., on brief), for appellant.

Elsie M. Powell, Asst. U. S. Atty. (William B. Cummings, U. S. Atty., on brief), for appellee.

Before CRAVEN, BUTZNER and FIELD, Circuit Judges.

CRAVEN, Circuit Judge:

Connie Dare Johnson brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). She now appeals from the decision of the district judge that the driver of a mail truck that struck her vehicle from behind was not negligent. Because the district court inadvertently predicated its decision upon findings of fact without evidentiary support in the record, we reverse and remand with instructions.

---

## I.

The following facts were either stipulated or uncontradicted:

On July 11, 1972, Miss Johnson was driving her 1964 Ford Galaxie in the northbound lane of U.S. Route 1 in Fairfax County, Virginia. About 5:30 p. m. she approached the intersection of Route 1 with Virginia Route 1510 (Beacon Hill Road). There is a traffic light at this intersection, and Miss Johnson stopped her car to obey a red light.

Immediately behind her was William J. Head, driving a 1970 five-ton International truck. This truck, weighing 9,320 pounds and over 23 feet in length, was owned by the United States and was used by the United States Postal Service. Head was operating the vehicle within the scope of his employment by the United States.

Miss Johnson's car was first in line behind the traffic signal. The road was dry, it was daylight, and the weather was clear. Neither the road surface nor the vehicles were defective.

Miss Johnson saw the light change from red to green and prepared to proceed. Her automobile was equipped with automatic transmission, and as she took her foot off the brake pedal, the car began to move slowly forward. She did not press the accelerator pedal. A split second after the light had turned green, a mechanical defect in the traffic signal caused the light to turn red again. The light was green only for a second or less.

Miss Johnson saw the light change back from green to red, and reapplied her brakes, stopping the car. Head, who had begun to move his truck forward, failed to notice that Miss Johnson had stopped her car or that the light had changed back to its red phase. He failed to stop his vehicle, and smashed into the rear of Miss Johnson's car at a speed variously estimated at between two and eight miles per hour. The truck collided with such force that Miss Johnson's seat, normally kept in its full-forward position, was thrown completely back.

The investigating officer reported that the mail truck skidded after applying its brakes. Miss Johnson testified that Head acknowledged his fault to her at the scene during the officer's investigation, and her assertion was uncontradicted. After the crash, the vehicles were 15 feet apart or less. There were no passengers in either vehicle, and no witnesses known to either party.

Appellant testified that her car was a total loss, and that she suffered severe neck and head injuries the pain of which caused her eventually to give up her job. Plaintiff also alleged and offered proof of other elements of damage, including substantial medical expenses.

At trial the driver of the mail truck, Head, did not testify. The government candidly admitted to the court that Head had nothing to add to his version of events as stated in answers to appellant's interrogatories. In answering these interrogatories, the government conceded more than once that Head did *not* see the light change from green back to red.[1] Head did state that after impact he looked up at the signal and the light was red.[2]

The district judge delivered his findings of fact and conclusions of law from the bench. Fed.R.Civ.P. 52(a). He found that Head "was not negligent, and since the only basis of recovery is negligence and there can be no recovery unless the defendant was negligent it follows that the judgment should be entered for defendant and the case dismissed."[3]

---

1. Transcript of proceedings at 63–65.

2. *Id.*

3. *Id.* at 81.

## II.

Under the Federal Tort Claims Act, the law applicable is that of the jurisdiction where the tort was committed.[4] In this case, Virginia law controls. The applicable statute under these circumstances is Va.Code § 46.1–213 ("Following too closely"),[5] and the leading case in the Virginia Supreme Court construing this statute is *Maroulis v. Elliott*, 207 Va. 503, 151 S.E.2d 339 (1966).

On the issue of negligence, the district court concluded:

> The defendant's driver Head was entitled to assume when the light turned green, *if he saw it turn green*, and the first car in line started to move ahead until in the exercise of ordinary care the contrary appeared, that the light was going to stay green for at least a sufficient time to let the first car in line (the plaintiff's) get through. He was not required to maintain a constant view of the light to see whether it might in a split second turn back to red. His failure to see it turn back to red is not negligence.

> The distance that he kept between him and the plaintiff's car was not a violation of Section 213 of the Motor Vehicle Code (46.1–213). It says that you shall not follow a car more closely than is reasonable and prudent under the circumstances having due regard for the traffic conditions on the highway. It was not imprudent nor unreasonable to follow a car proceeding under a green light in the manner in which this driver of the mail truck proceeded.[6]

On the issue of causation, the district court stated that:

Counsel have discussed the "real cause" of this accident. The "real cause" of this accident was the malfunctioning of the stop light.[7]

The transcript makes it clear that the district court predicated its finding or conclusion of no negligence upon an awareness by Head that the light had in fact turned green. Likewise, the court's theory that the malfunctioning traffic light was the "real cause" of the accident is valid only if Head actually saw the light turn green. There is, however, absolutely nothing in the record to suggest that the driver of the mail truck ever saw the light turn from *red to green*. Moreover, the government admits that Head did *not* see the light change back almost instantaneously from *green to red*.[8] According to the record, Head knew nothing about the color of the light until *after* the collision, when he noticed it was red.[9]

On these facts, the only inference permissible is that the forward motion of Head's mail truck was in response to the forward movement of the Johnson automobile. We think it clear under Virginia law that Head was bound to pay attention to the vehicle in front of him and to keep a proper lookout to avoid a collision.

■ We are aware that, under Virginia law, the issue of negligence is normally a matter for the trier of fact,[10] and that the reasonable distance to be maintained between vehicles depends upon the facts in each particular case.[11] In the rare rear-end collision case, however, undisputed facts may point so unerringly to liability that Virginia courts are permitted to find negligence as a matter of

---

4. 28 U.S.C. § 1346(b); *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Murray v. United States*, 329 F.2d 270 (4th Cir. 1964).

5. "§ 46.1–213. Following too closely.—(a) The driver of a motor vehicle shall not follow another motor vehicle, trailer or semitrailer more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and the conditions of, the highway at the time."

6. Transcript of proceedings at 80–81 (emphasis added).

7. *Id.* at 80.

8. *See* note 1 and accompanying text, *supra*.

9. *See* note 2 and accompanying text, *supra*.

10. *Clifton v. Gregory*, 212 Va. 859, 188 S.E.2d 203 (1972); *Riley v. Harris*, 211 Va. 359, 177 S.E.2d 630 (1970).

11. *Clifton v. Gregory, supra*.

law, and it may be reversible error to fail to do so.[12]

 In *Maroulis v. Elliott, supra,* the Virginia Supreme Court held:

It was the duty of Maroulis to keep a reasonable lookout for the sudden stopping of vehicles ahead of him, to avail himself of such lookout, and to keep a reasonable distance between his automobile and the automobile immediately in front of him.

.    .    .    .    .

The likelihood of sudden stopping is one of the reasons for requiring an automobile driver to keep a proper lookout, and to maintain a reasonable and prudent distance behind an automobile in front of him. *Every driver knows that vehicles may stop suddenly for various reasons or causes. It is not necessary that one should foresee the cause for which a car may stop; but if he is prudent he must recognize the possibility of a sudden stop.* Liability ensues when injury results from a risk or hazard which may be reasonably foreseen, although the precise injury may not be foreseen. [citations omitted] If Maroulis failed in any one of his duties to keep a proper lookout, to have his car under proper control, or to maintain a reasonable and prudent distance behind the car in front of him, then he took the risk of a collision with the car in front, a natural and probable consequence if the leading car suddenly stopped.

207 Va. at 509–510, 151 S.E.2d at 344 (emphasis added). We believe that on the facts as set forth and corrected in this opinion this is one of those "rare" cases, *Maroulis v. Elliott, supra,* where the trial judge is required to conclude that defendant's liability is established as a matter of law, *i. e.,* to the extent that reasonable men could not disagree.

We reverse, but in doing so we emphasize that we do not substitute our notion of negligence for that of the trial judge. We would readily affirm the decision below except that it rests upon a misapprehension of the facts. Were there any reason to believe that the United States could produce additional evidence of an exculpatory nature, we would require a new trial. But the government says the driver of the mail truck has nothing more to offer on the issue of liability. We may thus regard the facts as established, and in drawing the conclusion of negligence from *uncontradicted* facts as are here before us, we think we do not invade the province of the trier of fact.

The proceedings below were limited primarily to the issue of the government's liability. On remand the district court will enter judgment for the appellant in an amount to be determined in further proceedings with respect to damages.

*Reversed and remanded.*

---

**12.** *E. g., Lendvay v. Sobrito,* 211 Va. 548, 178 S.E.2d 532 (1971) (sudden emergency instruction was error since it was *held* as a matter of law that defendant failed to use ordinary care to keep a proper lookout to prevent driving into the rear end of a car stopping in obedience to a red traffic signal.)