**Richmond**

GARY MEEKS

v.

JOHN EDWARD HODGES

Record No. 810262.

JOHN EDWARD HODGES

v.

GARY MEEKS

Record No. 810233.

September 9, 1983.

Present: All the Justices.

*Ralph B. Rhodes (Hutcherson & Rhodes*, on brief), for appellant. (Record No. 810262.)

*James R. Austin (William O. Tune, Jr.; Harry F. Hambrick, Jr.; Michaux Raines, III; Gentry, Locke, Rakes & Moore; Davis, Davis, Raine, Davis & Welch*, on brief), for appellee. (Record No. 810262.)

*Michaux Raines, III (William O. Tune, Jr.; Harry F. Hambrick, Jr.; Gentry, Locke, Rakes & Moore*, on brief), for appellant. (Record No. 810233.)

*David A. Furrox (Ralph B. Rhodes; Hutcherson & Rhodes*, on brief), for appellee. (Record No. 810233.)

STEPHENSON, J., delivered the opinion of the Court.

This litigation arises out of a two-vehicle accident occurring in Franklin County. Gary Meeks sued John Edward Hodges for injuries caused by Hodges' negligent operation of an automobile. Hodges counterclaimed, asserting his injuries were proximately caused by Meeks' negligence. Although a jury was impaneled, the trial court struck the evidence of each party, holding as a matter

of law that neither party was negligent. The principal issue on appeal is whether the trial court erred in failing to submit each claimant's case to the jury.*

The highway at the scene of the accident was "[b]asically straight and level." The paved portion was 19 feet wide. The speed limit was 55 miles per hour and the road was dry. Conflicting evidence was presented concerning holes in the road east of where the accident occurred. Meeks, driving a pickup truck, and Hodges, operating an automobile, were both proceeding westbound. The vehicles were traveling at essentially the same speed, between 40 and 50 miles an hour, with Hodges approximately 40 feet behind Meeks.

The Meeks truck, without giving any signal or warning, suddenly ran off the pavement to the right and traveled along the right-hand shoulder for approximately 90 feet. It then turned abruptly to its left, crossing the highway perpendicularly.

Upon seeing Meeks leave the pavement, Hodges removed his foot from the accelerator and veered slightly to his left. He applied his brakes when he saw the Meeks truck coming across the highway. His vehicle slid to the left, leaving skid marks of 130 feet before colliding with Meeks in the eastbound lane. The right side of Hodges' car struck the left side of Meeks' truck. The car came to rest on its top and the truck on its right side. Meeks received a concussion and had no recollection of the accident or the events immediately preceding. His only passenger also was unable to explain why the truck left the pavement and later swerved left across the road.

The next day, a broken left-front leaf spring was discovered on the Meeks truck. An experienced automobile mechanic examined the spring three to four months after the accident. Although he was unable to determine how or when it was broken, he opined from the presence of rust it was an old break, reasoning that a new break would be "shiny." He related that a driver could operate a vehicle without knowledge of the broken spring. However, upon striking a hole, traveling over an uneven area, or applying brakes forcefully, the broken spring probably would cause the vehicle to "shimmy" and become uncontrollable.

---

* Hodges also assigned error to the admission of expert testimony regarding a broken spring. We find this assignment meritless. The evidence was not speculative, as argued by Hodges, but was relevant and probative. Its weight was for the jury's determination. *See Martin* v. *Penn*, 204 Va. 822, 826, 134 S.E.2d 305, 307 (1964).

Meeks contends Hodges followed the truck more closely than was reasonable and prudent under the circumstances and this negligence proximately caused the accident. Hodges argues his following distance was reasonable as a matter of law and further contends the accident was a result of Meeks' failure to use ordinary care to keep his vehicle under proper control. Meeks responds that the evidence conclusively shows a mechanical defect caused his vehicle to go out of control.

The trial court held as a matter of law that neither party was guilty of negligence because "the broken spring leaf [sic] caused the [Meeks truck] to go out of control" and "Hodges operated his vehicle at a reasonable distance behind the Meeks's vehicle." We conclude these rulings were erroneous.

Negligence, contributory negligence, and proximate cause are ordinarily issues for a jury's determination. They are decided by a court only when reasonable minds could not differ. *Riley* v. *Harris*, 211 Va. 359, 362, 177 S.E.2d 630, 633 (1970). When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff and resolve any reasonable doubt as to its sufficiency in his favor. *Semones* v. *Johnson*, 217 Va. 293, 295, 227 S.E.2d 731, 733 (1976).

In construing Code § 46.1-213(a), we held that a driver has "the right to follow another vehicle as closely as is reasonable and prudent under the circumstances." *Clifton* v. *Gregory*, 212 Va. 859, 862, 188 S.E.2d 203, 206 (1972). Additionally, the driver of a vehicle has a duty to use ordinary care to keep his vehicle under proper control. *Voight* v. *Reber*, 187 Va. 157, 164, 46 S.E.2d 15, 19 (1948); Code § 46.1-190(a).

There was evidence that Hodges, while traveling 40 to 50 miles per hour, was following Meeks at a distance of approximately 40 feet. We hold that reasonable minds could differ in determining whether Hodges was following more closely than was reasonable and prudent under the circumstances. *See Clifton*, 212 Va. at 862, 188 S.E.2d at 206. We also are of opinion that fairminded persons could differ as to whether Meeks failed to use ordinary care to keep his vehicle under proper control, or, on the other hand, whether his loss of control was caused by an unknown mechanical defect.

Because the trial court erred in failing to submit these issues to the jury, we will reverse the judgment of the trial court and remand the case for a new trial consistent with the views expressed herein.

*Reversed and remanded.*