## CIRCUIT COURT OF ROCKINGHAM COUNTY

Lincoln

v.

Houff Transfer, Inc., et al.

December 4, 1985

Case No. (Law) 6896

By JUDGE JOSHUA L. ROBINSON

The only question raised on the motion for new trial is whether a passenger in a vehicle struck from the rear is entitled to a judgment against the following driver as a matter of law. We review the evidence under well established principles. The plaintiff was a passenger in a vehicle that was slowing to make a left turn when it was struck from the rear by the defendants' tractor trailer.

The plaintiff correctly argues (but does not cite):

[W]hen the plaintiff showed by the evidence that the car in which she was riding was struck from the rear while stopped, or nearly stopped . . . she made out a *prima facie* case of negligence and the burden of going forward with the evidence on the issue of negligence shifted to the defendant. (Emphasis in original), *Weems v. Blalock*, 226 Va. 304, 305 (1983).

See also *Watford v. Morse*, 202 Va. 605, 118 S.E.2d 681 (1961). However a *prima facie* case that shifts the burden of going forth with the evidence does not entitle the plaintiff to a verdict as a matter of law. The mere fact that the plaintiff was struck from the rear does not

require a verdict in his favor. See *Doe* v. *Houser*, 213 Va. 617, 619 (1973).

In the only case cited in plaintiff's first memorandum, *Maroulis v. Elliot*, 207 Va. 503 (1966), the jury found in favor of the plaintiff.

The Court has also examined the cases cited in plaintiff's supplemental memorandum submitted by invitation of the Court following oral argument. In *Coca-Cola Bottling Works* v. *Andrews*, 173 Va. 240 (1939), three vehicles were traveling at about 10 to 15 M.P.H. in a long line of heavy traffic. The first car operated by Williams came to a normal stop for a red traffic signal; the plaintiff was a passenger in the second vehicle operated by Quisenberry, and it was followed by a Coca-Cola truck. The plaintiff sued all three drivers and the jury returned a verdict against Coca-Cola but in favor of the defendant's host and Williams. Quisenberry ran into the rear of the Williams vehicle and he in turn was struck by the Coca-Cola truck. In holding that Quisenberry was negligent as a matter of law, the Court pointed out that Quisenberry admitted that under the circumstances he could have stopped his car in time to avoid the collision by the prompt and proper application of brakes. He also admitted that he did not apply his brakes until the plaintiff cried "watch out!" 173 Va. at 246. Quisenberry therefore did not carry the burden of going forward with the evidence to show that he was not negligent; on the contrary, his own evidence showed his negligence.

In *Johnson* v. *United States*, 528 F.2d 489 (4th Cir. 1975), decided under Virginia law, the defendant offered no evidence in explanation of his having struck the plaintiff's vehicle, which was stopped for a red signal, from the rear. The Court pointed out, 528 F.2d at 492, that this was one of the "rare" cases where the defendant's liability is established as a matter of law.

The "rare" cases are those in which the defendant offers no evidence to rebut the plaintiff's prima facie case, or the evidence of the defendant himself shows that he was negligent.

It is indeed the duty of a following vehicle to exercise reasonable care to keep a proper lookout and to maintain a prudent distance behind a vehicle in front of him; however, as the Court pointed out in *Semones* v. *Johnson*, 217 Va. 203, 296 (1976), when there is a rear end collision there are permissible inferences sup-

porting plaintiff's view; other permissible inferences may support the defendants' view and these inferences may "differ in degree of probability"; however, it is the function of the jury to weigh the probability of the evidence and the inferences on whether the defendant exercised the requisite degree of care. This has been determined by the jury and the Court is powerless to disturb its findings.

The plaintiff made no motion to strike the defendants' evidence, nor does he claim that the jury was erroneously instructed; the instructions given, especially the issues instruction and the finding instruction, were granted at the request of the plaintiff, and all of the instructions were given substantially without objection and they are the law of the case.

Accordingly, the motion must be overruled.