875 F.2d 314
 27 Fed. R. Evid. Serv. 1349
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
F. Kenneth CHRISTOPHER, Plaintiff-Appellant,
v.
MADISON HOTEL CORPORATION, Defendant-Appellee.
 No. 88-3149.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1989.
Decided May 4, 1989.
Rehearing and Rehearing In Banc Denied May 26, 1989.
 
 1
 Harvey R. Peters, Peters, Smith & Moscardelli, for appellant.
 
 
 2
 Richard A. Yeagley, Thomas M. Wochok and Associates, for appellee.
 
 
 3
 Before MURNAGHAN, Circuit Judge, ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation, and JOSEPH C. HOWARD, United States District Judge for the District of Maryland, sitting by designation.
 
 
 4
 JOSEPH C. HOWARD, District Judge.
 
 
 5
 On January 21, 1986, F. Kenneth Christopher was a guest at the Comfort Inn Motel in Alexandria, Virginia, a motel operated and managed by the Madison Hotel Corporation. While getting out of the bath tub, he slipped and fell on a two-sided terry cloth bathmat, injuring his knee. He sued the defendant for negligence. The trial judge excluded the testimony of the plaintiff's expert witness and granted the defendant's motion for a directed verdict, on the ground that Mr. Christopher assumed the risk of his injuries. Finding no error, we affirm.
 
 I.
 
 6
 Mr. Christopher attempted to call John G. Kreifeldt, Ph.D., a design engineer, to testify at trial. Dr. Kreifeldt's testimony would have explained tests he conducted with respect to the anti-slip coefficient of friction between the terry cloth bathmat and vinyl flooring, the dangerousness of these conditions, and his opinion that Mr. Christopher's fall was causally related to these conditions. Citing Fed.R.Evid. 702 and 403, the trial judge excluded this testimony because it would not assist the jury and because any probative value was outweighed by the potential for prejudice.
 
 
 7
 Rule 702 provides in part that an expert may be allowed to testify if such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." This determination is within the sound discretion of the trial judge and will only be overturned for abuse of discretion. United States v. Portsmouth Paving Corp., 694 F.2d 312, 323-324 (4th Cir.1982). It is common knowledge that shiny bathroom floors are slippery. The trial judge correctly determined that Dr. Kreifeldt's "human factors" testimony would not have assisted the jury in understanding a matter so clearly within their experience and therefore, should be governed by common sense.
 
 
 8
 In addition, the trial judge made a necessary independent inquiry under Rule 403 and concluded that Dr. Kreifeldt's testimony would be prejudicial. This court may reverse a Rule 403 determination only if a trial judge acted arbitrarily or in an irrational manner. United States v. Penello, 668 F.2d 789, 790 (4th Cir.1982).
 
 
 9
 Dr. Kreifeldt is a professor of engineering design at Tufts University. His credentials are extremely impressive, yet he lacks any experience regarding hotel safety in general, or in testing bathroom floors and bathmats in particular. The potential for prejudice arises because the jury could yield their own common sense and experience to his purported expertise. Yet, Dr. Kreifeldt has no more or less experience in this area than the public in general. Accordingly, the trial judge's Rule 403 determination was proper.
 
 II.
 
 10
 In granting the defendant's motion for a directed verdict, the trial judge stated that any condition which may have caused this fall was so open and obvious, that Mr. Christopher voluntarily assumed the risk therefrom. When ruling on a motion for a directed verdict, the trial court "must view the evidence, and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff, and resolve any reasonable doubt to its sufficiency in his favor." Meeks v. Hodges, 226 Va. 106, 109, 306 S.E.2d 879, 881 (1983). "Whether a motion for a directed verdict should have been granted is a question of law requiring de novo review on appeal." Gairola v. Comm. of Va. Dept. of General Services, 753 F.2d 1281, 1285 (4th Cir.1985). The test is whether "without weighing the evidence or considering the credibility of the witnesses, 'there can be but one conclusion as to the verdict that reasonable jurors could have reached.' " Gairola, 753 F.2d at 1285, quoting Wheatley v. Gadden, 660 F.2d 1024, 1027 (4th Cir.1981). Thus, we must determine whether there was overwhelming evidence of assumption of risk justifying the removal of this issue from the jury.
 
 
 11
 According to Mr. Christopher the negligence in this case was the risk created by using a terry cloth bathmat on a vinyl tile floor without slip resistant materials in place. This was not a latent condition; Mr. Christopher was aware that the bathmat lacked rubber backing. Mr. Christopher observed the floor, knew it was slick from its appearance, and put the bathmat on the floor. He testified that he had used this type of bathmat before at other hotels. Under these circumstances, Mr. Christopher voluntarily incurred the risk of any hazard. Tate v. Rice, 227 Va. 341 (Va.1984). One who voluntarily assumes the risk of a known danger is barred from recovery in a negligence case. Arrington Adm'r v. Graham, Adm'r, 203 Va. 310, 314 (Va.Ct.App.1962).
 
 
 12
 "The essence of contributory negligence is carelessness; of assumption of risk, venturousness. Thus, an injured person may not have acted carelessly; in fact, may have exercised the utmost care, yet may have assumed, voluntarily, a known risk. If so, he must accept the consequence." Stoner v. Robertson, 207 Va. 633, 151 S.E.2d 363, 366 (Va.Ct.App.1966) [quoting Hunn v. Windsor Hotel Company, 119 W.Va. 215, 193 S.E. 57, 58 (1937). Reasonable minds could not differ that Mr. Christopher voluntarily assumed a known risk. Accordingly, the trial court's decision granting the defendant's directed verdict motion was proper.
 
 
 13
 AFFIRMED.