COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Senior Judge Overton
Argued at Norfolk, Virginia


WILLIAM BELL LILLIBRIDGE

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0895-98-1              JUDGE NELSON T. OVERTON
                                              JUNE 1, 1999
CITY OF NEWPORT NEWS


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Robert W. Curran, Judge

            Charles E. Haden (Thomas L. Hunter, on
            brief), for appellant.

            No brief or argument for appellee.


     William Bell Lillibridge (appellant) was convicted in a bench

trial of a single misdemeanor count of following too closely in

violation of Newport News Municipal Code § 26-8, which

incorporated Code § 46.2-816.  He contends that the evidence was

insufficient to find that he was guilty of following more closely

than was reasonable and prudent under the circumstances.  For the

following reasons, we affirm the conviction.

     "Where the sufficiency of the evidence is challenged after

conviction, it is our duty to consider it in the light most

favorable to the Commonwealth and give it all reasonable

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

So viewed, the evidence proved that on December 10, 1997, Michelle Beamon's car was stopped at a red light at an intersection. Beamon's car was fifteen cars behind the lead car. When the light turned green, Beamon took her foot off the brake but, because of traffic, did not resume forward motion. Looking into her rearview mirror, she saw appellant's Jeep approaching at a speed of forty-five miles per hour. Appellant switched from the right hand travel lane to the left hand lane, where Beamon was located. Beamon testified that appellant slammed on his brakes when he was one car length behind her. Appellant was unable to stop in time, and, although he swerved to the right, he hit Beamon's car in the right rear bumper. The force of the accident pushed Beamon's car up onto the median.

The speed limit at the accident scene was forty-five miles per hour. It was drizzling that day, and the roads were wet.

Appellant advised Officer Robinson that the wet road caused him to slide into Beamon's car. At trial, appellant introduced an April 6, 1998 invoice from a brake repair shop indicating that the rear brakes on appellant's car were "out of adjustment."

"The driver of a motor vehicle shall not follow another motor vehicle . . . more closely than is reasonable and prudent,

- 2 -

having due regard to the speed of both vehicles and the traffic on, and the condition of, the highway at the time." Code § 46.2-816. "We have construed this statute as granting a driver the right to follow another vehicle as closely as is reasonable and prudent under the circumstances. What constitutes a reasonable distance must, in each instance, depend upon the particular facts involved." Clifton v. Gregory, 212 Va. 859, 862, 188 S.E.2d 203, 206 (1972). "'[T]he driver of a vehicle has a duty to use ordinary care to keep his vehicle under proper control.'" Kennedy v. Commonwealth, 1 Va. App. 469, 473, 339 S.E.2d 905, 908 (1986) (quoting Meeks v. Hodge, 226 Va. 106, 109, 306 S.E.2d 879, 881 (1983)).

The Commonwealth's evidence proved that appellant was following more closely than was reasonable and prudent under the circumstances. While he was travelling the speed limit, the road was wet and he was approaching traffic that was stopped at a traffic signal. He did not begin braking his vehicle until he was approximately one car length away from Beamon. Appellant's evidence that his brakes were out of adjustment in April 1998 revealed nothing about the brakes' condition in December 1997.

The trial court accepted the Commonwealth's evidence and rejected appellant's evidence. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598,

601 (1986). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of following too closely. Accordingly, we affirm appellant's conviction.

Affirmed.

Benton, J., dissenting.

The evidence proved that the collision was caused by either William Bell Lillibridge's failure to maintain a reasonably constant lookout or diminished traction on a wet pavement. No evidence in this record proved that Lillibridge was following the other vehicle on the roadway or was in such proximity to the other vehicle that he could not have stopped in time if the pavement was dry and Lillibridge had maintained a proper lookout. The driver of the other vehicle saw Lillibridge's vehicle "approaching for some time in her rear view mirror" and saw Lillibridge's vehicle switch from one driving lane to another before it hit her vehicle. She said Lillibridge's vehicle was one car length behind when Lillibridge applied the brakes. Her vehicle was stopped on a downhill grade. The evidence also proved the roadway was wet.

Code § 46.2-816 states that "[t]he driver of a motor vehicle shall not follow another motor vehicle, . . . more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic on, and conditions of, the highway at the time." This statute is directed against the dangerous practice of tailgating and is not applicable to the factual circumstances of this case. See e.g. Wrinn v. State, 646 A.2d 869, 872-74 (Conn. App. 1994), aff'd, 661 A.2d 1034, 1036-37 (Conn. 1995) (holding that a substantially identical statute, which provides that "[n]o driver of a motor vehicle

- 5 -

shall follow another vehicle more closely than is reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions," only applies when two vehicles are simultaneously in motion, one traveling closely behind the other); Milwaukee & Suburban Transport Corp. v. Royal Transit Co., 139 N.W.2d 595, 600-01 (Wisc. 1966) (holding that "[t]he statute [, which provides that '[t]he operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway,'] is directed against the dangerous and pernicious practice of 'tailgating'").

The evidence may have been sufficient to establish that Lillibridge committed other offenses, such as improper driving, see Code § 46.2-869, or even driving at a speed unreasonable under the conditions existing at the time, see Code § 46.2-861. However, the evidence failed to prove Lillibridge "follow[ed] another motor vehicle . . . more closely than [was] reasonable and prudent." Code § 46.2-816. The statute simply does not apply when the evidence proves that one motor vehicle, which is a substantial distance from a stationary motor vehicle, closes the distance between the two vehicles at a steady or

accelerating pace and hits the stationary vehicle.  <u>See</u> <u>Wrinn</u>,
661 A.2d at 1036.

For these reasons, I would reverse the conviction.