**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROBERT W. BELVIN,
                    *Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,
                    *Defendant-Appellee,*

and

No. 02-1438

DAVID B. KELLY; C. E. SELLARS,
a/k/a Cornis Earl Sellars; HARTFORD
ACCIDENT AND INDEMNITY COMPANY;
TWIN CITY FIRE INSURANCE COMPANY,
                    *Defendants.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca Beach Smith, District Judge.
(CA-00-35-4)

Submitted: February 18, 2003

Decided: April 4, 2003

Before WILKINS, Chief Judge, MOTZ, Circuit Judge, and
C. Arlen BEAM, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Ralph Rabinowitz, RABINOWITZ, SWARTZ, TALIAFERRO, LEWIS, SWARTZ & GOODOVE, P.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Susan L. Watt, Supervisory Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Robert W. Belvin appeals a judgment against him in his Federal Tort Claims Act suit arising out of an automobile accident involving himself and an Internal Revenue Service (IRS) employee. *See* 28 U.S.C.A. §§ 2671-80 (West 1994 & Supp. 2002). Finding no error, we affirm.

I.

The accident at issue occurred on Interstate 64 in Hampton, Virginia. While traffic was flowing at approximately 55 to 60 miles per hour, a ladder fell off a truck ahead of Belvin's minivan. Another vehicle ran over the ladder, and Belvin applied his brakes "suddenly and as hard as [he] could" to avoid running over it himself. J.A. 149. Five to six car lengths behind Belvin was Cornis Earl Sellars, who was driving in the course of his employment with the IRS. Although Sellars braked quickly in an attempt to avoid a collision, his vehicle struck Belvin's. Belvin subsequently sued the United States, claiming that Sellars' negligence proximately caused the accident.

Following a bench trial, the district court awarded judgment to the Government. The court found as fact that both Belvin and Sellars

acted reasonably under the circumstances. Specifically, the court found no evidence of excessive speed, improper lookout, or failure to keep a reasonable distance or to take reasonable evasive action that could have avoided the accident. The court also applied the sudden emergency doctrine, which excuses the driver of an automobile from negligence liability if, "without prior negligence on his part, [he] is confronted with a sudden emergency and acts as an ordinarily prudent person would have done under the same or similar circumstances." *Pickett v. Cooper*, 116 S.E.2d 48, 51 (Va. 1960).*

## II.

Belvin argues that the district court erred in applying the sudden emergency doctrine. Belvin further contends that because Sellars hit him from behind, he made out a prima facie case of negligence under Virginia law, and the Government then had the burden of presenting evidence that Sellars was not negligent. *See Watford v. Morse*, 118 S.E.2d 681, 683 (Va. 1961). We need not decide whether the district court mistakenly applied the sudden emergency doctrine or whether Belvin made out a prima facie negligence case, because the finding by the district court that Sellars was not negligent moots both of those issues.

Belvin further maintains that on the undisputed facts, *Johnson v. United States*, 528 F.2d 489 (4th Cir. 1975), entitled him to judgment as a matter of law. We conclude that *Johnson* is distinguishable from the present case, and that the question of Sellars' negligence was properly one for the fact finder.

In *Johnson*, the plaintiff and defendant were waiting in their vehicles at a red light, with the defendant directly behind the plaintiff. When the light turned green, both parties began to move toward the intersection. However, through a mechanical error, the light turned red again a split-second after turning green. The plaintiff stopped abruptly in response to the change, and the defendant's vehicle collided with the plaintiff's. This court noted that "under Virginia law, the issue of negligence is normally a matter for the trier of fact" and

---

*The parties agree that Virginia law provides the applicable rules of decision. *See* 28 U.S.C.A. § 1346(b)(1) (West Supp. 2002).

that "the reasonable distance to be maintained between vehicles depends upon the facts in each particular case." *Johnson*, 528 F.2d at 491. We concluded, however, that the facts there presented the "rare rear-end collision case" in which the only reasonable inference was that the defendant had failed to take reasonable measures to prevent the collision. *Id.*

*Johnson* is distinguishable from the present case because what made *Johnson* the "rare rear-end collision case" that could be decided as a matter of law was the speed of the vehicles involved. When traffic is proceeding at a very slow pace, keeping a modest distance from the next vehicle and a reasonable lookout is sufficient to prevent rear-end collisions from occurring, regardless of how suddenly the lead vehicle stops. The mere fact that the collision in *Johnson* occurred—in the absence of any outside force bearing on the defendant's vehicle—mandated the conclusion that the defendant's negligence caused it. The speeds involved in the present case, in contrast, make the reasoning in *Johnson* inapplicable. We cannot say as a matter of law that Sellars' failure to avoid Belvin's vehicle when Belvin applied his brakes suddenly in normal interstate traffic could be due only to Sellars' failure to keep a reasonable distance or a proper lookout. The issue of whether Sellars acted reasonably was properly one for the fact finder to decide.

### III.

In sum, we affirm the judgment of the district court in favor of the Government.

*AFFIRMED*